IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMG NATIONAL TRUST BANK | : CIVIL ACTION |
| vs. | : |
| STEPHEN C. RIES | : NO. 06-CV-4337 |

## MEMORANDUM AND ORDER

JOYNER, J.                                             June 4, 2008

This matter again appears before the Court for disposition of the motion of defendant, Stephen C. Ries for a stay pending appeal of this Court's decisions granting the plaintiff's motions for preliminary injunction and to hold the defendant in contempt of a temporary restraining order. For the following reasons, we are constrained to deny the motion for stay unless the defendant posts a supersedeas bond.

### Factual Background

This case arose out of the defendant's resignation from his position as a financial counselor with the plaintiff, AMG National Trust Bank in August, 2006. As the plaintiff was subject to a Confidential Information and Employment Agreement prohibiting him from, *inter alia,* soliciting and/or servicing any client whom he had serviced during the course of his employment with AMG for a period of two years following the termination of

his employment relationship with AMG, AMG sought and obtained a temporary restraining order against Mr. Ries directing that he comply fully with the terms and conditions of his employment agreement. Subsequently, this Court held a hearing on the plaintiff's motion for preliminary injunction as a result of which the terms and conditions of the TRO were continued and a preliminary injunction issued likewise restricting Mr. Ries from soliciting and/or servicing any of his former clients. Given that in the interim period between the issuance of the TRO and the hearing on the preliminary injunction, we found that Mr. Ries had knowingly violated the TRO, we also granted the plaintiff's motion to hold him in contempt and directed that he pay sanctions and damages to AMG in the amount of $318,192.11.

The defendant has appealed both of these decisions to the United States Court of Appeals for the Third Circuit and the Third Circuit has apparently agreed to consolidate and hear both appeals on an expedited basis. Pursuant to Fed.R.Civ.P. 62(d), the defendant now moves this Court for a stay pending appeal and asks us to exercise our discretion to waive the requirement that he post a supersedeas bond.

### Discussion

Rule 62(d) governs the granting of stays pending appeal and provides as follows:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions

contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

The rule entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. Nicholas v. Wyndham International, Inc., Civ. A. No. 2001-147, 2007 U.S. Dist. LEXIS 94333 at *3 (D.V.I. Dec. 21, 2007). Although the Third Circuit has not spoken directly to this issue, courts in the Third Circuit have held that district judges can exercise their discretion to grant a stay under Rule 62(d) without a bond in certain circumstances. Porter v. Nationscredit Consumer Discount Company, Civ. A. No. 03-3768, 2007 U.S. Dist. LEXIS 14328 at *4 (E.D. Pa. March 1, 2007), citing Bank of Nova Scotia v. Pemberton, 36 V.I. 333, 964 F.Supp. 189, 192 (D.V.I. 1997). Given that the purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal and to protect the winning party from the possibility of loss resulting from the delay in execution, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. Schreiber v. Kellogg, 839 F.Supp. 1157, 1159 (E.D.Pa. 1993). Thus it is the general consensus of our sister courts and of those Courts of Appeals of other Circuits which have considered this matter that district judges should only exercise their discretion to waive the bond

requirement in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest. See, e.g., Porter, 2007 U.S. Dist. LEXIS at *5; Schreiber, supra. "It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." HCB Contractors v. Rouse & Associates, 168 F.R.D. 508, 512 (E.D. Pa. 1995), quoting Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., No. 86-5763, 1992 WL 114593 at *1-2 (E.D. Pa. May 18, 1992).

Recently, Judge Bartle had occasion to consider a motion for stay of execution pending appeal without the necessity of posting a supersedeas bond in Munoz v. City of Philadelphia, 537 F. Supp. 2d 749 (E.D. Pa. 2008). Also noting the absence of Third Circuit precedent on the matter, Judge Bartle looked to the factors enumerated by the Seventh Circuit Court of Appeals in Dillon v. City of Chicago, 866 F.2d 902, 904-905 (7th Cir. 1988):

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Munoz, 537 F.Supp. 2d at 751.

In granting the motion for stay without bond, Judge Bartle noted that as the liability assessed in that case was joint and several and the City had produced affidavits and other evidence that some $25 million had been appropriated by City Council for the Indemnities Fund, the City of Philadelphia had shown that it had sufficient funds to pay the judgment in favor of the plaintiffs. It has also been said that of all the relevant factors to consider under Rule 62(d), the factor that is most commonly used to waive the bond requirement is the financial hardship that the bond may impose on the appellant. Hurley v. Atlantic City Police Department, 944 F.Supp. 371, 377 (E.D. Pa. 1996). However, the mere prospective inability to pay a judgment is insufficient for a stay without a bond unless the judgment debtor has "objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." Id., at 377-378.

In support of the within motion, the defendant here asserts:

> Here, good cause exists because, without a stay pending appeal, the Third Circuit's decision to hear Ries's joint appeals on an expedited basis will be thwarted. Ries has taken appeal of a decision that, if upheld, would place upon him a significant financial burden. If the stay is not granted, then Ries may be forced to comply with the Court's sanction Order before the appeal can be heard. If the Court's sanctions Order is not upheld, in full or in part, then Ries would be forced to recoup any amounts already paid. Furthermore, Ries lacks the financial means to post an appropriate supersedeas bond under Rule 63(d). Finally, granting a stay of the Court's February 12, 2008 Order without requiring that a supersedeas bond be posted does not prejudice AMG because AMG will be in a position to make

collection on the Court's judgment if the Court's judgment ordering Ries to pay sanctions for violating the September 29, 2006 TRO is upheld.

We observe that the foregoing is Mr. Ries' *only* argument and that conspicuously absent is any allegation or showing as to his ability to satisfy the judgment nor does he propose any course of action by which the plaintiff's judgment may be protected. Similarly missing is any showing as to what Mr. Ries' current financial condition is and thus we cannot make a determination as to whether the posting of a bond would truly constitute a hardship upon him. Indeed, given the defendant's assertion that he lacks the financial means to post an appropriate supersedeas bond and, we assume, his ongoing accrual of legal fees to prosecute this appeal gives us cause to question whether the status quo in this matter would be maintained pending the Third Circuit's ruling in the absence of a bond. Accordingly, we cannot find that the defendant has met his burden of demonstrating the requisite grounds for waiver of the supersedeas bond requirement and his motion must therefore be denied.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMG NATIONAL TRUST BANK : CIVIL ACTION
:
vs. :
: NO. 06-CV-4337
STEPHEN C. RIES :

### ORDER

AND NOW, this 4th day of June, 2008, upon consideration of Defendant's Motion for Stay Pending Appeal and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
J. CURTIS JOYNER, J.

FILED
JUN - 5 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

6/5/08 E.m____ ENTERED
JUN 0 5 2008
CLERK OF COURT