```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AMG NATIONAL TRUST BANK,               :
                                       :
               Plaintiff,              :     CIVIL ACTION
                                       :
     vs.                               :     No. 06-cv-4337
                                       :
STEPHEN C. RIES,                       :
                                       :
               Defendant.              :
```

## MEMORANDUM and ORDER

**Joyner, J.**                                         **June 3, 2009**

Before this Court is Plaintiff's Motion to Compel (Doc. No. 96) and Defendant's Response in Opposition (Doc. No. 98). For the reasons set forth, we will grant in part and deny in part.

### Standard

Under the Federal Rules of Civil Procedure, district courts have broad discretion to manage discovery. Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3rd Cir. 1995). Discovery need not be confined to matters of admissible evidence, but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

### Discussion

Plaintiff has served a series of interrogatories and document requests on defendant. Defendant has answered certain requests, but has refused to respond to others. Plaintiff, in its Motion to Compel, argues that even when defendant has responded to the outlined interrogatories and document requests,

1

defendant's responses have been either incomplete or unresponsive. Plaintiff's summary of its requests in its Proposed Order do not mirror the requests that are detailed in its Memorandum of Law. Thus, in an effort to manage discovery and avoid confusion, this Court will grant, deny or limit each specific request made by plaintiff in its Memorandum of Law. Thus, we review each request individually to determine whether, under the standard set out in the Federal Rules of Civil Procedure, the documents requested or subpoenaed are discoverable. Plaintiff's interrogatories, document requests and subpoenas are granted, denied or limited as follows:

1. <u>Plaintiff's First Set of Interrogatories: Interrogatory No. 9: "Identify any current or former AMG [Client] whom you assisted in delinking Schwab accounts from AMG at any time from August 16, 2006 through the present."</u>

This request is limited to the term of the Noncompete provision. Thus, defendant shall identify any current or former AMG clients whom he assisted in delinking Schwab accounts from AMG at any time from August 16, 2006, through the end of the Noncompetition Agreement.

2. <u>Plaintiff's Expedited Request for Production of Documents: Document Request No. 1: "Any and all documents that relate or refer to any communication(s) between any AMG client either before or after his employment at AMG ended."</u>
Defendant is directed to produce the above-described

records.  Defendant has provided only excerpted documents in response to this request.  However, defendant's only argument for refusing disclosure is that plaintiff already has the names and information that defendant has excerpted from the documents.  The mere fact that the names may be redundant will not excuse production.  Defendant shall provide unredacted documents.  Pursuant to the protective order in this case, defendant may mark these documents "Confidential."  Further, defendant shall produce any and all documents that relate or refer to any communication(s) between any AMG client before or after his employment at AMG ended, through the present.

3. <u>Plaintiff's Expedited Request for Production of Documents:
Document Request No. 3: "Any and all records of telephone calls</u> made or received by Defendant since January 1, 2006, including cell phone records, home telephone records and business records."

In response to this request, defendant has stated that he will produce phone records through the expiration of his Noncompetition Agreement; however, plaintiff has requested records through present.  Plaintiff claims that records after the expiration of the Noncompetition Agreement are discoverable because they could lead to admissible evidence in regards to the trade secret claim.  We agree and thus, we direct defendant to produce phone records through the present.

4.  <u>Plaintiff's Expedited Request for Production of Documents:
Document Request No. 5: "Any and all documents that relate or
refer to potential or actual new employment or self-employment by
Defendant, including, but not limited to, documents setting forth
the name and address of Defendant's present employer, any
document describing the terms or conditions of employment, offer
letters, or contracts."</u>

    Plaintiff and defendant disagree as to the documents that defendant has produced.  Plaintiff claims that defendant has produced only the "Uniform Application of Investment Adviser Registration" and "several fee letters to unidentified customers related to his employment with QRS."  Defendant, however, asserts that he has provided plaintiff with business telephone records for QRS, the completed SEC form "ADV" for QRS, fee agreements (and bills) sent to QRS customers and documentation regarding the public sources used to locate relevant QRS customers.  We find that by producing fee letters to customers Mr. Ries has, in part, complied with this request.  However, we also find that Mr. Ries's conditions of employment or offer letter, if in existence, are discoverable because they are reasonably calculated to lead to admissible evidence.  Fed.R.Civ.P. 26(b)(1).  The requested documents may be related to Mr. Ries's alleged breach of the Noncompetition Agreement, and as such, are discoverable.

5.  <u>Plaintiff's Expedited Request for Production of Documents:
Document Request No. 6: "Any and all documents that relate or
refer to Defendant's present business, clients or customers,
including documents relating to the establishment or</u>
incorporation of any business conducted by [defendant] or

<u>expenses incurred in establishing a new business."</u>

It appears that Plaintiff is requesting every document that QRS may hold and, as such, the request is overbroad. This request is limited to documents relating to current or former AMG clients and any and all documents related to the establishment of the QRS business.

6.   <u>Plaintiff's Second Request for Production of Documents:</u>
<u>Document Request No. 10: "Any and all documents which record,</u>
<u>reflect or relate to any involvement by you in the purchase or</u>
<u>sale of securities for any client from August 16, 2006 through</u>
<u>the present."</u>

Plaintiff's request for any documents concerning sale of securities for any clients is overbroad.  Defendant is directed to produce any and all documents which record, reflect or relate to any involvement by Mr. Ries in the purchase or sale of securities for *current or former AMG clients* from August 16, 2006, through the present.  Additionally, defendant is advised that any information he regards as confidential shall not be redacted, but marked as such and, thus, subject to the protective order.

7.   <u>Plaintiff's Second Request for Production of Documents:</u>
<u>Document Request No. 11: "Any and all documents reflecting</u>
<u>communications between current or former AMG clients and Schwab</u>
at any time from August 16, 2006, through the present."

5

Defendants are directed to produce the above-described documents, including the names of the current or former AMG clients.  However, this request shall be limited to August 16, 2006, through the expiration of the Noncompetition Agreement.

8.   Plaintiff's Third Request for Production of Documents: Document Request No. 1: "Copies of all telephone bills, invoices, and records, including without limitation, all cellular telephone, all business telephone, or home telephone bills, invoices and records from October 2006 to the present."

This Request is almost identical to a Request already addressed, "Plaintiff's Expedited Request for Production of Documents: Document Request No. 3;" thus, we will not address it separately.

9.   Plaintiff's Third Request for Production of Documents: Document Request 2: "Copies of all documents relating to income that you have had from the date of your separation from employment with AMG to the present."

Plaintiff argues that this information is responsive to an inquiry on damages.  While we agree that it could lead to admissible evidence on damages, we will limit this request to any documents relating to income referring or related to any former or current AMG client from the date of separation from employment with AMG until the present.

10.  Plaintiff's Third Request for Production of Documents:

6

<u>Document Request 3: "Copies of all documents relating to any communication that you have had with any current or former client of AMG at any time from the date of your separation of employment with AMG to the present."</u>

Plaintiff argues that communications with current or former AMG clients after the expiration of the Noncompetition Agreement are discoverable because they may reflect defendant's use of plaintiff's trade secrets.  We agree.  Defendant is directed to produce all documents relating to any communication that Mr. Ries has had with any current or former AMG client from the date of his separation from AMG until present.

11.  <u>Subpoena for Documents to QRS Wealth Management, LLC: Document Request 1: "Any and all documents that relate or refer to any communication(s) between QRS or any QRS employee and any current or former AMG client at any time from September 2006 to the present."</u>

Defendant is directed to produce the above-described documents to plaintiff.

12.  <u>Subpoena for Documents to QRS Wealth Management, LLC: Document Request 3: "Any and all records of telephone calls made or received by QRS, including without limitation, all cellular telephone, all business telephone, or home telephone bills, invoices, and records from September 2006 to the present."</u>

We find that this request is burdensome and overbroad, as it demands every phone record from QRS, no matter the client or matter involved.  This request is limited to telephone records

7

related to *any current or former AMG client* from September 2006 until the present.


13.  Subpoena for Documents to QRS Wealth Management, LLC: Document Request 4: "Any and all documents that relate or refer to QRS's present business, clients or customers, including documents relating to the establishment or incorporation of any business conducted by Defendant or expenses incurred in establishing a new business."

We find that this request is burdensome and overbroad, as it again demands that defendant produce any and all records of all of QRS's clients.  QRS clients who have never been clients of AMG are not related to the action at hand.  Thus, the request is limited to the production of any and all QRS documents that refer to any current or former AMG clients.  Additionally, we have already directed defendant to produce documents related to the establishment of QRS Wealth Management and, thus, we will not again address it.


14.  Subpoena for Documents to QRS Wealth Management, LLC: Document Request 5: "Any and all documents reflecting a list of QRS's clients or customers."

This request is overbroad.  In line with the issues of this action, this request is limited to a list of QRS clients who are *former or current AMG clients*.


15.  Subpoena for Documents to QRS Wealth Management, LLC:

<u>Document Request 6: "Any and all documents relating to income or revenue that QRS has had from September 2006 to the present."</u>

We find that within the context of damages, the income of QRS Wealth Management, a limited liability corporation allegedly established by Mr. Ries, is discoverable. The above-described documents shall be produced.

16.   <u>Subpoena for Documents to QRS Wealth Management, LLC: Document Request 7: "Any and all tax returns filed by QRS from September 2006 until present."</u>

We find that in regards to possible damages, the tax returns of QRS are discoverable and defendant is directed to produce such documents.

17.   <u>Subpoena for Documents to QRS Wealth Management, LLC: Document Request 8: "Any and all documents relating to payments paid or received by QRS from September 2006 until present."</u>

As this Court has directed Mr. Ries to produce documents relating to income or revenue and Mr. Ries has already produced the "ADV" form, we find this request overbroad and deny it.

18.   <u>Subpoena for Documents to QRS Wealth Management, LLC: Document Request 9: "Any and all documents that record, reflect or relate to any involvement by QRS or any QRS employee in the purchase or sale of securities for any client from September 2006 through the present."</u>

We limit Plaintiff's document request to *current or former AMG clients*, as the securities purchased or sold by clients who

9

were never AMG clients are not relevant to this matter.


19.   Subpoena for Documents to QRS Wealth Management, LLC: Document Request 10: "Any and all documents that reflect communications between QRS or any QRS employee and Charles Schwab & Company or its employees at any time from September 2006 to the present."

These documents are discoverable because they could lead to evidence of the breach of contract claim; however, we limit the subpoena to September 2006 until the expiration of the Noncompetition Agreement.