```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMG NAT'L TRUST BANK,         :
                              :
          Plaintiff,          :      CIVIL ACTION
                              :
     v.                       :      NO. 06-CV-4337
                              :
STEPHEN C. RIES,              :      (consolidated with
                              :       NO. 09-CV-3061)
                              :
          Defendant.          :
```

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                      **December 28, 2011**

On July 20, 2011, this Court adjudged Defendant Stephen Ries ("Ries") in civil contempt of the temporary restraining order issued on October 3, 2006 and the preliminary injunction issued on September 13, 2007. See AMG Nat'l Trust Bank v. Ries, 2011 U.S. Dist. LEXIS 79361 at *2-3 (E.D. Pa. July 20, 2011). We further ordered Ries to pay Plaintiff AMG National Trust Bank ("AMG") the attorneys' fees and costs associated with the Second Motion for Contempt and the Motion for Sanctions. AMG initially sought reimbursement for $183,989.60 in attorneys' fees and $13,614.68 in costs. (Pl. Mem. at 3, Doc. No. 153). However, AMG later added $16,138.40 for additional time spent since the previous calculation. (Pl. Reply at 2, n.1, Doc No. 157). Thus,

1

the total sought by AMG is $213,742.68.[1] Ries raises several objections to the requested amount, which we address in turn.(See Def. Reply, Doc. No. 155).[2]

### (1) The Bankruptcy Filing

AMG claims that Ries filed for bankruptcy on July 23, 2009 solely to evade responsibility for AMG's motions for contempt and sanctions. (See Def. Resp. at 5-7; Pl. Reply at 3-5). According to AMG, the fees and costs incurred in vigorously protecting its interests in bankruptcy court are properly included in its current request. This exceeds the scope of our prior Order and we do not find it reasonable to award fees and costs associated with a wholly separate proceeding, even if tangentially connected to the one before us. Thus, we reduce AMG's award by $41,489.12.

### (2) Preparation of Complaint Against QRS

AMG filed a separate Complaint against QRS Wealth

---

[1] AMG calculates the total sought to be $ 209,844.43. (Pl. Reply at 11). This amount reflects AMG's proposed reduction of $3,898.25 from billing Entries 5, 45, 71, 74, 105, 111, 112, 114, 130, 203, 209, and 210. (Id. at 10). However, as discussed *infra*, we adjusted the expenses attributable to these entries for a variety of reasons. For the simplicity our calculations, we do not subtract the $3,898.25 from our starting figure.

[2] "[T]he most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)(citation omitted). Although the lodestar is presumed to be the reasonable fee, the district court has the discretion to make certain adjustments to it. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). "The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005). Once a specific objection has been made by the opposing party, the burden shifts to the party making the request to justify the relevancy of the listed tasks, claimed rates and number of hours. Id.

2

Management, LLC ("QRS"), which was subsequently consolidated with the action against Defendant Ries. (See Case. No. 09-CV-3061, Doc. Nos. 1, 14). Ries objects to reimbursing AMG for time entries related to the preparation, review and filing of this complaint. We agree that these entries have no relationship with the Second Motion for Contempt or the Motion for Sanctions.

We cannot discern the precise time that AMG spent on the QRS Complaint as the related entries contain multiple tasks, some of which do relate to the Motions for Contempt and Sanctions. (See Def. Resp. Ex. A, Entries 111, 112, 114). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007)(quoting Hensley v.Eckerhart, 461 U.S. 424, 433 (1983)). We therefore examine the entire block entry, compare the listed activities with the total time spent, and determine which hours reasonably correlate to the reimbursable activities performed. See Citibank, N.A. v. Hicks, 2004 U.S. Dist. LEXIS 30432 at *20-21 (E.D. Pa. Aug. 24, 2004). In doing so, we determine that AMG wrongly included five hours of time spent on the QRS complaint on July 8, 2009 and July 9, 2009. We reduce the award by $1,880 accordingly.

**(3) AMG's Response to Ries's Cross-Motion for Sanctions**

In addition to granting AMG's Motions for Contempt and Sanctions on July 20, 2011, the Court denied Ries's Cross-Motion

3

for Sanctions. Ries's Cross-Motion concerned a distinct issue: whether AMG misrepresented his status as management personnel. We recognize that oral argument on the three motions took place at the same time; some time entries associated with Plaintiff's Motions may be inextricably intertwined with Defendant's separate Motion. However, the Court did not order costs and fees related to Defendant's Motion, and therefore any time spent by AMG solely on defending against that Motion will not be included in the current award. Upon review, AMG included $5,754.10 in fees to this effect. (See Def. Resp. Ex. A, Entries 127-130, 152, 161, 163, 178, 180, and 182-185). In addition, there are several block time entries that include work related to the Cross-Motion for Sanctions along with tasks that are appropriately submitted in the current request. (Id., Entries 131, 164, 166, 170, and 171). After assessing the reasonable amount of time required by each task listed in these entries, we determine that 4.7 hours relate directly to AMG's defense against the Ries's Cross- Motion. Accordingly, we further reduce the award by $2,303.50.

**(4) New Attorney "Start Up" Time Reviewing Files**

AMG requests $1,885 for time spent by its attorney, Mr. Rombeau, reviewing and analyzing the pleadings in preparation for his pending involvement in the case. (See Def. Resp. Ex. A, Entries 147 and 149). Ries objects to the inclusion of these entries. At that time, the case had recently been taken out of a

nearly year-long civil suspense, which this Court ordered pending disposition of the related bankruptcy action. It appears reasonable that AMG's attorneys would need to refresh themselves on the pending Motions for Contempt and Sanctions. However, we agree that 5.8 hours is an excessive amount of time to devote to this task. We reduce the award by $1072.50.

### (5) Deposition of Ellen Connolly

While we recognize that "AMG's efforts to depose Ms. Connolly were unquestionably in connection with its effort to uncover and establish Ries' contempt," these efforts were not fruitful by the time of AMG's Motions. (See Pl. Reply at 7). AMG did not depose Ms. Connolly until September 30, 2010, and her testimony was not considered by this Court in granting AMG's Motions and adjudging Ries in civil contempt. Moreover, Ms. Connolly is not a party to this action, and her opposition to AMG's subpoenas was not within Ries's control. Ries should not be compelled to bear the fees and costs associated with Ms. Connolly's independent actions.

After review, we find that AMG charges $16,744 in fees solely related to compelling and conducting Ms. Connolly's deposition. (See Def. Resp. Ex. A, Entries 43, 46, 67, 70, 73, 75-78, 131, 132-35, 155, 158, 172-73, 175, 177, 186-91, 193-99, and 201). We further reduce the award by $5,049 after subtracting the estimated time spent on these tasks from entries that also

include reimbursable activities. (See Def. Resp. Ex. A, Entries 42, 44, 47-49, 58, 71, 74, 150, 166, 174, 192, and 202).

**(6) Inclusion of Tasks Unrelated to Second Motion for Contempt or Motion for Sanctions**

After combing through AMG's time and expense reports, we agree that not all of the entries are attributable to Motions for Contempt and Sanctions. Ries objects to the inclusion of time spent on negotiating a settlement and responding to Defendants' Motion for Summary Judgment. Upon review, we identify several entries that include these unrelated tasks and reduce the award by $2,824. (See Def. Resp. Ex. A, Entries 203, 209 and 210).

Ries also challenges AMG's attempts to recover money spent on discovery in preparation for trial. Parsing through the discovery costs to determine which are reimbursable is complicated. The evidence of Ries's contempt overlaps with evidence of his breach of the restrictive covenant, the underlying claim that prompted this action and which has yet to be decided on its final merits. Our Order referred to "those costs that [AMG] incurred in seeking Defendant's compliance with the orders." Ries, 2011 U.S. Dist. LEXIS 79361 at *12. As such, we limit recovery strictly to those costs incurred by AMG in the "investigation, preparation, presentation and final disposition" of the Motions for Contempt and Sanctions. See Schauffler v. United Ass'n of Journeymen & Apprentices of Plumbing, 246 F.2d

6

867, 870 (3d Cir. 1957). Only discovery that formed the basis for, and was argued in, Plaintiff's Motions will be considered associated with the Motions; other discovery expenses are not appropriately requested at this time. We therefore further reduce the award by $8,534.46. (See Def. Resp. Ex. A, Entries 1-5, 6-20, 22-23, and 69; Def. Resp. Ex. B).[3]

**(7) Excessive or Redundant Time Charged**

When a party contends that the requested fee award is inflated, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith, 426 F.3d at 710. This requires the Court to conduct a "thorough and searching analysis" to identify charges that should be excluded. Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001). Upon doing so, we subtract $2,362.50 in redundant or excessive time charged. (See Def. Resp. Ex. A, Entries 116, 156-57, and 159).

**(8) Additional Costs and Fees Incurred in Preparing Fee Request and Responding to Motion for Reconsideration**

It seems implausible that it took two experienced attorneys a cumulative 42.9 hours to submit a four page response in opposition to a Motion for Reconsideration (Doc. No. 154), prepare a fee request, and respond to Defendant's subsequent

---

[3] This includes only the costs charged prior to 5/4/2009, the date of the first reimbursable attorneys' fee entry, plus the $3.24 charged on 5/13/2009.

objections. However, as AMG has failed to provide us with a detailed account of how this time was spent, there is no record from which we can independently make that assessment. See UAW Local 259 Soc. Sec. Dep't, 501 F.3d at 291 (noting that "specificity is critical" when requesting attorneys' fees). At this time, we decline to award the additional and undocumented $16,138.40 in attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, we adjust the award of attorneys' fees and costs associated with Ries's civil contempt as follows:

| **AMG'S REQUESTED TOTAL** | **$213,742.68** |
|---|---|
| Bankruptcy Proceeding | - $41,489.12 |
| Preparation of Complaint Against QRS | - $1,880.00 |
| Response to Ries's Cross-Motion for Sanctions | - $8,057.60 |
| New Attorney "Start Up" Time Reviewing Files | - $1,072.50 |
| Deposition of Ellen Connolly | - $21,793.00 |
| Inclusion of Other Tasks Unrelated to Second Motion for Contempt or Motion for Sanctions | - $11,358.46 |
| Excessive or Redundant Time Charged | - $2,362.50 |
| Additional Costs and Fees Incurred in Preparing Fee Request and Responding to Motion for Reconsideration | - $16,138.40 |
| **ADJUSTED TOTAL** | **$109,591.10** |

Accordingly, we decline to award AMG all of its counsel fees, instead finding $109,591.10 is an appropriate figure.